UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   4:08 CR 156 CAS |
| ) | |
| DONNELL McCLOUD, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S MOTION IN LIMINE

COMES NOW the United States of America, by and through its attorneys, Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, and Carrie Costantin, Assistant United States Attorneys for said District, and submits the following Motion In Limine.  The United States respectfully requests that the Court rule on the admissibility of the evidence and argument discussed below prior to Voir Dire for the trial in this matter, currently scheduled for November 12, 2008.

## MEMORANDUM

The United States has reason to believe that the defense will argue that the defendant was duped into believing (by some of the victims) and did in fact mistakenly believe that some of the victims were at least 18 years old.  The United States further believes that the defendant may suggest to the jury – through opening statement, cross-examination, or direct testimony – that he is entitled to assert the affirmative defense that he was not aware that the victims were minors, that is less than 18 years of age.  The United States hereby moves the Court for a pre-trial ruling and Order prohibiting the

Defense from arguing or suggesting or eliciting testimony or providing a jury instruction as to the defendant's belief as to the age of the victims because this "defense" of ignorance of the victims' true age is legally unavailable for the charge of 18 U.S.C. §2251(a). Such argument, suggestion, testimony, or just instruction is also irrelevant and unfairly prejudicial. F.R.E. 402, 403. In conjunction with this motion, the Government intends to dismiss Counts Two, Three and Four (Possession of Child Pornography) before trial. The remaining counts will be Counts One, Five and Six (Production of Child Pornography).

### I. Knowledge of Age of the Victim is not an Element of 18 U.S.C. §2251(a)

The United States does not have to prove that the defendant knew that the victims were under the age of 18 at the time he took photographs of them engaged in sexually explicit conduct because the defendant's knowledge of the age of the victim is not an element of the crime. The defendant is charged with sexual exploitation of a minor, in violation of 18 U.S.C. §2251(a). That statute provides in pertinent part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished . . . if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means . . . .

18 U.S.C. §2251(a). A "minor" is defined as "any person under the age of eighteen years." 18 U.S.C. §2256. There is no requirement in the statute that the defendant must know that the victim is a minor.

Congress has made clear that "it is not a necessary element of a prosecution that the defendant knew the actual age of the child." H.R. Conf. Rep. No. 811, 95th Cong., 2d

Sess.5 (1977), reprinted in 1978 U.S. Code Cong. & Admin. News 69, 69; S. Conf. Rep. No. 601, 95th Cong., 2d Sess. 5 (1977); *see also* H.R. Rep. No. 910, 99th Cong., 2d Sess. 6 (1986), reprinted in 1986 U.S. Code Cong. & Admin. News 5952, 5956 (concluding that the government "need not prove that the defendant actually knew the person depicted was in fact under 18 years of age").

The Supreme Court has also clearly stated that knowledge of the age of the victim is not required to convict a defendant under §2251(a). *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 77, n.5 (1994) (stating that defendants "may be convicted under § 2251(a) without proof they had knowledge of age"). In *X-Citement Video*, the Court examined the voluminous legislative history of §2251 and held that §2251 contains no scienter requirement as to the age of the victim. *Id*. at 76. The Court explained that a requirement that the defendant act "knowingly" was contained in early versions of the bill that is now §2251, but that the requirement was deleted by the Senate Conference Committee. *Id.* ("Most importantly, the new bill . . . delet[ed] the word 'knowingly' from §2251(a)"). The Court stated that the Committee specifically explained that the deletion in §2251(a) reflected an "intent that it is not a necessary element of a prosecution that the defendant knew the actual age of the child." *Id.* (quoting S.Conf.Rep. No. 95-601, p. 2, 5 (1977)).

Several Circuit Courts that have examined the issue have agreed that §2251 does not require evidence regarding the defendant's knowledge of age. *See, e.g., United States v. United States District Court for the Central District of California*, 858 F.2d 534, 537-38 (9th Cir. 1988) ("On its face, section 2251(a) requires only that a defendant arrange for a minor to engage in sexually explicit conduct for the purpose of creating a visual

3

depiction, and that there be a nexus to interstate commerce. The defendant's awareness of the subject's minority is not an element of the offense."); *United States v. Reedy*, 632 F. Supp. 1415, 1422 (W.D. Okla. 1986), *aff'd*, 845 F.2d 239 (10th Cir. 1988) ("[T]he federal child pornography law [§2251(a)] does not require that a defendant intend to or knowingly employ, use, persuade, induce, entice or coerce a child below eighteen years of age."); *United States v. Crow*, 164 F.3d 229, 236 (5th Cir. 1999) (citing *X-Citement Video*, 513 U.S. at 76, n.5 and *District Court*, 858 F.2d at 538 to hold that defendant's knowledge of the victim's minority is not an element of §2251).

Likewise, in *United States v. Griffith*, 284 F.3d 338 (2d Cir. 2002), the Second Circuit held that §2251(a) did not require proof that defendants knew that their victims were under the age of eighteen. The Court reasoned, "Although the Supreme Court's conclusion regarding §2251 (a) was dicta in *X-Citement Video,* we see no reason to dispute its conclusion, or the holdings of the Fifth and Ninth Circuits. We therefore reject the Griffiths' argument that the district court's charge to the jury omitting scienter of age under §2251 (a) was erroneous." *Id.* at 349. *See also United States v. Johnson,* 376 F.3d 689, 693 (7th Cir.2004) (finding that because defendant was charged with the attempt to manufacture child pornography, the Government had to prove knowledge of the minor's age; however, commenting that if the defendant were charged with the commission of the completed offense under §2251, the Government would not have to prove knowledge of the minor's age).

The Government need only prove the actual age of the victim, whereas evidence of a defendant's belief regarding a victim's age is irrelevant under §2251. *See United States v. Humphrey*, 2008 WL 750367, *2 (E.D. Ky. Mar. 18, 2008). In granting the

4

Government's Motion In Limine, which requested that the Court exclude evidence about the defendant's knowledge of the victim's age from trial, the Eastern District of Kentucky held that "any evidence that Defendant lacked knowledge that the victim was a minor (or mistakenly believed the victim was an adult) is irrelevant and shall be excluded." *Id.* The Court reasoned that "Whether Defendant (reasonably or unreasonably) believed the alleged victim to be eighteen-years-old or older is not relevant to a determination of her *actual* age. Even if he believed her to be eighteen-years-old or older, that fact would not make it any more or less likely that he employed, used, persuaded, induced, or enticed a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct if it is proven that she was, in fact, under eighteen-years-old." *Id.* (emphasis in original).

It should also be noted that Judge Autrey of this district granted a similar motion in limine for a case involving both §2251 and 2423 offenses and prevented any defense, claim or suggestion that the defendant is somehow less culpable or more deserving of sympathy because he was possibly mistaken about the victim's age. *United States v. Devin Wilson*, 1:07 CR 53 HEA, 2/27/08 minutes.

### II. Mistake of Age, Lack of Knowledge, or Inability to Have Reasonably Known that the Victim was a Minor is Not an Affirmative Defense to 18 U.S.C. §2251(a)

When Congress intends there to be an affirmative defense, particularly in the context of the laws involving sexual exploitation of children and child pornography, it writes an affirmative defense into the text of the statute. *See, e.g.,* 18 U.S.C. §2243(c) (establishing reasonable mistake of age defense to a charge under §2243(a) for sexual

5

abuse of a minor in a prison or institution, or in the special maritime or territorial jurisdiction of the United States); 18 U.S.C. §2252(c) and 2252A(d) (establishing affirmative defense to possession of child pornography charge where the defendant possessed less than three images and took steps to destroy or report them); 18 U.S.C. §2423(g) (establishing reasonable mistake of age defense to charges of Travel with Intent to Engage in Illicit Sexual Conduct and Engaging in Illicit Sexual conduct in Foreign Places, violations of 18 U.S.C. §§2423(b) and 2423(c), respectively.

     Congress did not include an affirmative defense in 18 U.S.C. §2251.  Therefore, in order for any such affirmative defense to exist, it would have to be judicially created. There is not a constitutional mandate requiring the Court to engraft any such affirmative defense onto the statute at issue here.

     In *X-Citement Video,* the Supreme Court drew an analogy between §2251(a) and traditional statutory rape offenses, stating that the presumption of a *mens rea* requirement in criminal law "expressly excepted 'sex offenses, such as [statutory] rape, in which the victim's actual age was determinative *despite defendant's reasonable belief that the girl had reached age of consent*.'"  513 U.S. at 72, n.2 (citation omitted) (emphasis added). In *X-Citement Video*, the Court extensively analyzed the child pornography production statute, 18 U.S.C. §2251(a), including its lack of any requirement with respect to knowledge of age.  Additionally, the Court did not find any constitutional infirmity in the statute's failure to include a defense for mistake of age.  On the contrary, the Court stated that under §2251(a), just like under traditional statutory rape laws where mistake of age is not a defense, *see*, *e.g.*, *Owens v. Maryland*, 352 Md. 663 (1999), *cert. denied*, 527 U.S. 1012 (1999), "the perpetrator confronts the underage victim personally and may

reasonably be required to ascertain that victim's age." 513 U.S. at 72, n.2. The Court noted that the "opportunity for reasonable mistake of age" is extremely low in cases where the defendant comes into direct contact with the victim, and she is available for questioning. *Id.* The Court noted that the difference in the Congressional intent with respect to the statute prohibiting transportation, shipping, receipt, distribution, or reproduction of child pornography on the one hand, and production of child pornography on the other, "reflects the reality that producers are more conveniently able to ascertain the age of performers. It thus makes sense to impose the risk of error on producers" of child pornography. *Id.* at 77, n.5. From this analysis it is reasonable to conclude that the Supreme Court does not believe that the Constitution requires a reasonable mistake of age defense in production cases. To the contrary, *X-Citement Video* suggests that no such defense is available.

While the Supreme Court did not precisely address the availability of a mistake of age affirmative defense, the Eighth Circuit and the Eleventh Circuit have held that the Constitution does not mandate a mistake of age defense in production of child pornography cases. *See also Humphrey*, 2008 WL 750367, at *1 (holding that "§ 2251 does not include an affirmative defense for reasonable mistake of age . . . [and] [t]his Court will not graft one onto the statute" as "[t]he statute is not constitutionally infirm in the absence of such an affirmative defense").

In *Gilmour v. Rogerson*, 117 F.3d 368 (8th Cir. 1997), the Eighth Circuit rejected the defendant's argument that the First Amendment required that he be allowed to assert a reasonable mistake of age defense as an affirmative defense to his prosecution under a

state statute (Iowa Code §728.12(a)[1]) similar to §2251(a). *Id.* at 372-73. In *Gilmour*, the defendant took sexually explicit photographs of a 17-year-old girl. Gilmour met the girl in a bar, was told by the girl's boyfriend that she was 22, and also claimed to have verified her age by viewing her driver's license.

The Eighth Circuit held that Iowa Code §728.12(a), which contained language very similar to § 2251(a), did not provide a reasonable mistake of age defense, that the statute was constitutional without such a defense, and that the defendant was therefore precluded from raising such a defense at trial. *Id*. at 373. In so doing, the court cited the general rule that in "criminal statutes that protect children from sexual predators . . . the child's age is a long-established exception to the general rule that proof of *mens rea* is required; 'the victim's actual age [is] determinative despite defendant's reasonable belief that the girl had reached the age of consent.'" *Id.* at 370 (citing *Morissette v. United States*, 342 U.S. 246, 251, n.8 (1952)). The court cited three main bases for its ruling.

First, the court reasoned that "not only is the State's interest in banning the sexual exploitation of children very strong, but the mistake-of-age-defense is directly contrary to that interest." *Id*. at 372. Indeed, the court found that the government has a compelling interest even in protecting children who lie about their age:

> As in this case, the defense will typically be proved by evidence that the minor was a willing, perhaps deceitful participant in producing pornographic films and photos. The State may legitimately protect children from self-destructive decisions reflecting the youthful poor judgment that makes them, in the eyes of the law, "beneath the age of

---

[1] Iowa Code §728.12(a) defines sexual exploitation of a minor to include any person who "employs, uses, persuades, induces, entices, coerces, knowingly permits, or otherwise causes a minor to engage in a prohibited sexual act if the person knows, or has reason to know, or intends that the act or simulated act may be photographed, filmed, or otherwise preserved in a negative, slide, book, magazine, or other print or visual medium." *Gilmour*, 117 F.3d at 370.

> consent." One can argue that sexually sophisticated seventeen-year-olds like [the victim in this case] do not need or even deserve such protection, but that is a legislative question. . . . We deal here only with the constitutional limits on the State's power to protect. The State's interest in discouraging minors from posing as adults . . . is entitled to great weight.

*Id.*

Second, the Eighth Circuit recognized that the statute is aimed at producers of child pornography rather than distributors, transporters, or receivers. Unlike most distributors, transporters or receivers, "the sexually exploitive producer deals directly with the child victim, like the statutory rapist who has traditionally been denied a mistake-of-age defense." *Id.* at 372. Citing the Supreme Court, the *Gilmour* Court reiterated that, in the context of production of child pornography, "'the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age.'" *Id.* at 373 (citing *X-Citement Video*, 513 U.S. at 72, n.2).

Third, the *Gilmour* Court reasoned that "the chilling effect on which Gilmour relies – the reluctance to use young-looking models in sexually explicit adult pornography – is also qualitatively weak." *Id.* at 373. Noting that the First Amendment protection accorded to adult pornography is not as extensive as that accorded other speech, "its status on the relative periphery of the First Amendment is relevant in weighing whether a state statute that legitimately protects children against sexually exploitive conduct must be struck down as substantially overbroad." *Id.* Given these three considerations, the *Gilmour* Court held that, weighing the statute's "chilling effect against its 'plainly legitimate sweep,'" the statute was constitutionally applied to Gilmour even though he was not afforded a mistake of age defense. *Id.* (citation omitted).

Finally, citing *X-Citement Video*, the *Gilmour* court surmised that "if faced with the issue in this case, the [Supreme] Court would conclude that denying the mistake-of-age defense to child pornography producers does not substantially chill protected expression." *Id.* at 373. As such, the court held that the defendant was not constitutionally entitled to a reasonable mistake of age defense.

The *Gilmour* holding and rationale was recently reaffirmed by a district court in the Eighth Circuit, when it rejected the defendant's contention that he is entitled to a mistake of age defense in the charge of §2251(a). *See United States v. Shore*, 2008 WL 647166, *1 (E.D. Ark. 2008 Mar. 6, 2008) (citing *Gilmour* and *X-Citement Video*).

Most recently, in *United States v. Deverso*, 518 F.3d 1250 (11th Cir. 2008), the Eleventh Circuit held that "the Constitution does not mandate a mistake of age defense under §2251." *Id.* at 1258. In holding that the district court did not abuse its discretion by refusing to instruct the jury on mistake of age, the Eleventh Circuit noted that knowledge of age was not an element of the offense. *Id.* at 1257-58. This case involved a violation of 18 U.S.C. §2251(c), but the language surrounding the involvement of a minor is identical in §2251(c) and §2251 (a).[2]

For the foregoing reasons, the Government respectfully requests that the Court grant the Motion In Limine.

---

[2] Both sections provide in pertinent part: "Any person who . . . employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct . . . for the purpose of producing any visual depiction of such conduct, shall be punished . . ." 18 U.S.C. §2251(a), (c). The subsections differ only regarding whether the conduct affects interstate or foreign commerce (§2251(a )) or takes place outside of the United States, its territories or possessions (§2251(c)).

        Respectfully submitted,

        CATHERINE L. HANAWAY
        United States Attorney

        s/ Carrie Costantin
        CARRIE A. COSTANTIN 54734
        Assistant United States Attorney
        111 S. 10th Street, Room 20.333
        St. Louis, Missouri 63102
        (314) 539-2200

CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2008, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Robert Taaffe
1015 Locust, Suite 908
St. Louis, MO 63101

        s/*Carrie Costantin*
        CARRIE COSTANTIN  54734
        Assistant United States Attorney